# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **JOAN MALDONADO ORTA**
**HECTOR L SANCHEZ COLON**
Debtor(s)

CASE NO: **14-07820-ESL**

Chapter 13

## TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **ADELA L TORRUELLA\***

Total Agreed: **$190.00**   Paid Pre-Petition: **$190.00**   Outstanding (Through the Plan): **$0.00**

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329**

Debtor(s) Income is (are) ☐ Under ☑ Above Median Income    Liquidation Value: **$$774.00**

Commitment Period is ☐ 36 months ☑ 60 months §1325(b)(1)(B)    General Unsecured Pool: **$0.00**

With respect to the Proposed "PCM": Dated 11/17/17  (Dkt 44)    Plan Base: **$56,405.00**

The Trustee:   ☐ **DOES NOT OBJECT**   ☑ **OBJECTS**   Plan Confirmation   Gen. Uns. Approx. Dist.:4.03%

The Trustee objects to confirmation for the following reasons:

**[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]**

-Debtor has failed to submit evidence of filing the 2014, 2015 and 2016 tax returns. The Trustee needs these documents in order to assess whether or not there have been changes in income.

**[1325(a)(6)] Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).**

Debtor intends to cure arrears to the Trustee through the proposed PCM. Debtor has failed to disclose the reasons that led her to incur in said arrears. Under the proposed plan Debtor is 1 month or $869.00, in arrears with the Trustee. To satisfy feasibility, a Debtor's plan must have a reasonable likelihood of success, i .e., that it is likely that debtor will have the necessary resources to make all payments as directed by the plan. 11 USC 1325 (a)(6); In re Brunson, 87 B.R. 304, 313 (Bankr. D.N.J.1988), In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1 rst Cir. 1997). Thus, the debtor carries the initial burden of showing that the plan is feasible. In re Felberman, 196 B.R. 678, 685 (Bankr. S.D.N.Y. 1995); In re Endicott, 157 B.R. 255, 263 (W.D.Va. 1993). In order to receive a favorable report, debtor must be current with Trustee as plan proposes.

**[1325(a)(8)] DSO Payment Default – Debtor(s) is in default with post-petition DSO payments.**

-Debtor has failed to submit evidence of being current with post-petition DSO payments up until the current month.

**\*OTHER COMMENTS / OBJECTIONS**

NONE

## NOTICE

**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: November 27, 2017

/s/ Jose R. Carrion, Esq.

Last Docket Verified: 44    Last Claim Verified: 13(2-2)    CMC: KT