IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

JOAN MALDONADO ORTA
HECTOR L SANCHEZ COLON
DEBTOR

\* CASE NO: 14-07820 ESL

\* CHAPTER 13

### DEBTOR REQUEST FOR A POST CONFIRMATION MODIFICATION OF PLAN UNDER SECTION 1329 OF THE BANKRUPTCY COURT

**TO THE HONORABLE COURT:**

    **COMES NOW** debtor(s) through their legal representative and respectfully states and prays as follows:

1. That debtor(s) filed for Voluntary Petition under the provision of 11 USC Chapter 13 of the Bankruptcy Code on September 23rd, 2014.

2. Debtors are submitting a Post Confirmation Modification of the payment plan correct plan payments, provide for arrears to the plan and correct Part 8 of the plan.

**WHEREFORE** debtor(s) very respectfully request from this Honorable Court to grant this Post Confirmation Modification of Plan base on the above and not dismiss this case.

### *NOTICE*

    Within twenty one (21) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law. (2) The requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the court may-in its discretion-schedule a hearing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will sent notification of such filing to the following: Chapter 13 Trustee, US Trustee and to all creditors registered to said system. On this same date, I have sent copy of said document by regular mail to all parties in interest that are non CM/ECF participants as of the creditor matrix attached hereto. This certificate of service is filed to comply with the Honorable Court's General Order 03-01 that requires that this certificate of service be filed no later than three (3) days after the service of the plan referred to above.

In Juncos, Puerto Rico this 28th day of April of 2018.

ADELA L TORRUELLA LAW OFFICE, PSC
PO BOX 4040 SUITE 305
JUNCOS, PR 00777
Tel: (787)713-1892
Fax: (787)561-3601
adela4za@yahoo.com

ELECTRONICALLY FILED
S/ Adela L Torruella,
USDC- PR 20020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:
**JOAN MALDONADO ORTA**
**HECTOR L SANCHEZ COLON**

XXX-XX-4252
XXX-XX-1374

Puerto Rico Local Form G

Chapter 13 Plan dated  April 28th, 2018 .

Case No.: **14-07820 ESL**

Chapter 13

☐ Check if this is a pre-confirmation amended plan

☑ Check if this is a post confirmation amended plan
Proposed by:
  ☑ Debtor(s)
  ☐ Trustee
  ☐ Unsecured creditor(s)

If this is an amended plan, list below the sections of the plan that have been changed.
**PT 2 SECTION 2.1 TO CORRECT PAYMENTS,
PT 3 SECTION 3.7 TO CORRECT AMOUNT OF SECURED CLAIMS.
PT 4 SECTION 4.5 TO DELETE PRIORITY
PT 8 SECTION 8.2 TO INCLUDE TAX REFUND LANGUAGE,
SECTION 8.3 RETENTION OF LIEN, SECTION 8.4 TO CONTINUE DIRECT PAYMENTS TO DSO**

## PART 1: Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1   Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $915.00 | 12 | $10,980.00 | |
| $1,100.00 | 23 | $25,300.00 | |
| $0.00 | 2 | $0.00 | |

Puerto Rico Local Form                       Chapter 13 Plan                       Page 1

| Debtor | JOAN MALDONADO ORTA<br>HECTOR L SANCHEZ COLON | | Case number | 14-07820 ESL |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| $875.00 | 23 | $20,125.00 | |
| SUB TOTAL | 60 | $56,405.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2  **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☑ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____

2.3  **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4  **Additional payments:**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

3.1  **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| SCOTIABANK | RESIDENTIAL PROPERTY | $480.00 | $660.00 | | | $660.00 |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | | _____ Months Starting on Plan Month _____ | |

*Insert additional claims as needed.*

3.2  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

| Debtor | JOAN MALDONADO ORTA | Case number | 14-07820 ESL |
|---|---|---|---|
| | HECTOR L SANCHEZ COLON | | |

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### 3.4 Lien Avoidance.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| COOP A/C VALENCIANO | SHARES |
| COOP ORIENTAL | SHARES |

*Insert additional claims as needed.*

### 3.6 Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| RELIABLE FINANCIAL | $300.00 | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

### 3.7 Other secured claims modifications.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☑ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| RELIABLE FINANCIAL | 2-2 | $31,500.00 | | | | | | | $31,500.00 |
| | | ☑ To be paid in full 100% | | | | | | | |
| RELIABLE FINANCIAL | 1-2 | $14,500.00 | | | | | | | $14,500.00 |

| Debtor | JOAN MALDONADO ORTA<br>HECTOR L SANCHEZ COLON | | | | | | | | Case number | 14-07820 ESL | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| | | ☑ To be paid in full 100% | | | | | | | |

*Insert additional claims as needed.*

## PART 4: Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

**4.3  Attorney's fees**

Check one.

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 190.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 2,810.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

**4.4  Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*
☑     **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

*Insert additional claims as needed.*

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑     **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6  Post confirmation property insurance coverage**
*Check one.*
☐     **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☑     The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| RELIABLE FINANCIAL | EASTERN AMERICA INSURANCE COMPANY | 03/24/2019 | $196.00 | $196.00 |
| | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | |

Puerto Rico Local Form G (LBF-G)                    Chapter 13 Plan                    Page 4

| Debtor | JOAN MALDONADO ORTA | Case number | 14-07820 ESL |
|---|---|---|---|
| | HECTOR L SANCHEZ COLON | | |

*Insert additional claims as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

- ☐ The sum of $ .
- ☐ ____% of the total amount of these claims, an estimated payment of $____.
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
- ☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $____.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.**
*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1** **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
- ☐ Plan confirmation.
- ☑ Entry of discharge.
- ☐ Other: _____

**7.2** **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)

| Debtor | JOAN MALDONADO ORTA HECTOR L SANCHEZ COLON | Case number | 14-07820 ESL |
|---|---|---|---|

7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

8.2 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan: Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

8.3 This Section modifies LBF-G, Part 3: Retention of Lien: The lien holder of any allowed secured claim, provided for by the plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

8.4 DEBTOR WILL CONTINUE WITH DIRECT PAYMENTS TO DSO,

*Insert additional lines as needed.*

## PART 9: Signature(s)

| /s/ ADELA L TORRUELLA<br>ADELA L TORRUELLA USDCPR200203<br>Signature of Attorney of Debtor(s) | Date | April 28th, 2018 |
|---|---|---|
| /s/ JOAN MALDONADO ORTA<br>JOAN MALDONADO ORTA | Date | April 28th, 2018 |
| /s/ HECTOR L SANCHEZ COLON<br>HECTOR L SANCHEZ COLON | Date | April 28th, 2018 |

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| JOAN MALDONADO ORTA<br>PO BOX 1955<br>JUNCOS, PR 00777 | GE MONEY<br>1600 SUMMER STREET FIFTH FLOOR<br>STAMFORD, CT 45420-1469 | TOYS R US<br>CREDIT CARD/ GECRB<br>PO BOX 530939<br>ATLANTA, GA 30353-0939 |
| HECTOR L SANCHEZ COLON<br>PO BOX 1955<br>JUNCOS, PR 00777 | ISLAND FINANCE<br>PO BOX 195369<br>SAN JUAN, PR 00919-5369 | WALMART<br>PO BOX 965060<br>ORLANDO, FL 32896-5060 |
| ADELA L TORRUELLA<br>ADELA TORRUELLA LAW OFFICES PSC<br>PO BOX 4040<br>SUITE 305<br>JUNCOS, PR 00777 | JC PENNEY<br>GECRB<br>PO BOX 965060<br>ORLANDO, FL 32896-5060 | |
| ASUME<br>PO BOX 71316<br>SAN JUAN, PR 00936-8416 | NILSA E POMALES MARTINEZ<br>URB MARIOLGA CALLE SAN FRANCISCO D19<br>CAGUAS, PR 00725 | |
| CLARO<br>PO BOX 70366<br>SAN JUAN, PR 00936 | RELIABLE FINANCIAL<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 | |
| COOP A/C VALENCIANO<br>APARTADO 1510<br>JUNCOS, PR 00777 | RELIABLE FINANCIAL<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 | |
| COOP ORIENTAL<br>PO BOX 876<br>HUMACAO, PR 00792-0876 | RELIABLE FINANCIAL<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 | |
| DEPARTMENT OF TREASURY<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | SAMS CLUB<br>GECRB<br>PO BOX 965060<br>ORLANDO, FL 32896-5060 | |
| GE CAPITAL RETAIL BANK<br>PO BOX 103104<br>ROSWELL, GA 30076 | SCOTIABANK<br>PO BOX 362230<br>SAN JUAN, PR 00936 | |